**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| KEVIN CONCANNON, LLC d/b/a LIFELINE PHARMACY, | ) | Case No. 23-90759 |
| | ) | |
| Debtor. | ) | |
| | ) | |
| LIFELINE PHARMACY 1, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Adv. Pro. No. 23-_____ |
| | ) | |
| KEVIN CONCANNON, LLC d/b/a LIFELINE PHARMACY, KEVIN H. CONCANNON, JR., and LIFE ONE | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## NOTICE OF REMOVAL

Defendant Kevin Concannon, LLC d/b/a Lifeline Pharmacy (the "Debtor"), files this Notice of Removal (this "Notice") of Cause No. C-2689-23-J (the "State Court Action") from the 430th District Court for Hidalgo County, Texas (the "State Court") to the U.S. Bankruptcy Court for the Southern District of Texas, Houston Division (the "Bankruptcy Court"), and respectfully states as follows:

1.      On August 2, 2023 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of title 11 of the U.S. Code (the "Bankruptcy Code"), commencing the above-captioned case (the "Chapter 11 Case").

2.      Removal is proper pursuant to 28 U.S.C. § 1452(a), which allows a party to remove

a pending state court proceeding to a district court "if such district court has jurisdiction of such claim or cause of action under [§] 1334 of this title." 28 U.S.C § 1452(a), and rule 9027 of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>").  Section 1334 of title 28 provides federal district courts with "original but not exclusive jurisdiction of all civil proceedings arising under Title11 [of the United States Code] or arising in or related to cases under Title 11." 28 U.S.C. §  1334.

3.      Pursuant to rule 9027-2 of the Bankruptcy Local Rules for the Southern District of Texas, the Debtor consents to the jurisdiction of the Bankruptcy Court should it be determined that the Bankruptcy Court, absent consent of the parties, cannot enter final orders or judgment consistent with Article III of the United States Constitution.

<u>**Background and Procedural History**</u>

4.      On July 7, 2023, Lifeline Pharmacy 1, LLC (the "<u>Plaintiff</u>") filed the State Court Action against the Debtor, Kevin H. Concannon, Jr., and Life One to:

     a.   recover amounts allegedly owing by the Debtor under the following agreements:

         i.   a promissory note in the original principal amount of $6,294,784.00;

         ii.   a promissory note in the original principal amount of $575,000.00;

         iii.  a Payment Agreement in the original principal amount of $343,000.00 (the "<u>Payment Agreement</u>");

     b.   foreclose its interest in the Plaintiff's alleged collateral;

     c.   exercise replevin rights in the Plaintiff's alleged collateral; and

     d.   enforce certain rights under related personal and corporate guarantees[1]

5.      Each of the above-listed financial documents were entered into in connection with

---

[1] This is not specified as a cause of action but is referenced in ¶ 21 of the Lawsuit.

commercial loans related to a sale of an operating pharmacy business (the "<u>Pharmacy Business</u>"). The Pharmacy Business is part of the Plaintiff's alleged collateral.

6.      The petition commencing the State Court Action is attached hereto as **<u>Exhibit 1</u>**.  A copy of the answer filed for all defendants is annexed hereto as **<u>Exhibit 2</u>**. A copy of Plaintiff's Application for a Writ of Attachment is annexed hereto as **<u>Exhibit "3"</u>**, with a copy of Mobeem's Affidavit in Support of the Writ of Attachment (the "Mobeem Attachment Affidavit") annexed thereto as Exhibit "A".[2]   A copy of the Proposed Order Granting Application for Writ of Attachment is annexed hereto as **<u>Exhibit "4."</u>** A copy of the Order Resetting Hearing on the Application for Writ of Attachment is annexed hereto as **<u>Exhibit "5."</u>** A copy of the docket sheet for the State Court Action is attached hereto as **<u>Exhibit "6."</u>** This constitutes a copy of all papers that have been filed in the State Court, as required by Bankruptcy Rule 9027(a)(1) and Bankruptcy Local Rule 9027-1(b).[3]

**<u>Basis for Removal</u>**

7.      This Notice is timely under Bankruptcy Rule 9027(a)(2) because it is filed on the Petition Date.

8.      Under 28 U.S.C. § 1334(b), this Bankruptcy Court has jurisdiction over proceedings (a) "arising under title 11"; (b) "arising in" a case under title 11; and (c) "related to" a case under title 11.  The classification of a proceeding under section 1334 depends on the connection of the proceeding to the underlying bankruptcy case.  This Court has both "arising in" and "related to" jurisdiction over the State Court Action.

---

[2] The Mobeem Attachment Affidavit contains as Ex. A-1 – A- 6 documents that are attached to the Mobeem Petition (Exhibit "1") and are not reannexed. Following the final page of the Mobeem Attachment Affidavit is a list of duplicate documents and their corresponding references as attachments to the Original Petition. Annexed hereto as Exhibit "B" and Exhibit "C" to the Application for the Writ of Attachment (Exhibit "3") is a copy of the Cloudfund Lawsuit and the Coldwater Capital lawsuit as Exhibits "B" and "C" respectively.

[3] Any additional documents that are filed in the State Court will be supplied to the Court.

9.     "Arising in" jurisdiction describes proceedings that are "not based on any right expressly created by title 11, but nevertheless, would have no existence outside of the bankruptcy." *Wood v. Wood (In re Wood)*, 825 F.2d 90, 97 (5th Cir. 1987).

10.     The present proceeding "arises in" the Chapter 11 Case and is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (B), (C), (K), and (O) because it concerns:  (a) the Plaintiff's claims against the Debtor's estate; (b) counterclaims against the Plaintiff; (c) the determination of the nature, extent, validity and priority of Plaintiff's asserted security interests in property of the Debtor's estate; and (d) the ability of the Plaintiff to enforce the Noncompete against the Debtor.

11.     While the Debtor contests the claims asserted in the State Court Action, the Plaintiff will no doubt assert its claims against the Debtor in this Chapter 11 Case.  The Debtor has direct compulsory counterclaims against the Plaintiff that will necessarily affect the amount, and potentially the allowance, of the Plaintiff's claims.  If the Noncompete is enforced against the Debtor, its operations and the administration of the Chapter 11 Case will be severely impacted. Accordingly, the claims asserted against the Debtor should be adjudicated by the Bankruptcy Court.

12.     A matter is "related to" a bankruptcy case, thereby giving the bankruptcy court "related to jurisdiction" under 28 U.S.C. § 1334(b), if the outcome could have some conceivable effect on the bankruptcy case.  The standard has been succinctly stated by the Fifth Circuit as follows:

> Proceedings are "related to" bankruptcy cases if their outcome "could conceivably have any effect on the estate being administered in bankruptcy."  [*Bass v. Denney (In re Bass)*, 171 F.3d 1016, 1022 (5th Cir. 1999)] (quoting *Walker v. Cadle Co. (In re Walker)*, 51 F.3d 562, 569 (5th Cir. 1995)).  A "conceivable effect" in this context is any that "*could* alter the debtor's rights, liabilities, options, or freedom of action (either positively or negatively) and which *in any way* impacts upon the handling and administration of the bankrupt estate."  *FDIC v. Majestic Energy Corp.*

*(In re Majestic Energy Corp.)*, 835 F.2d 87, 90 (5th Cir. 1988) (emphasis added) (quoting *Pacor v. Higgins*, 743 F.2d 984, 994 (3d Cir. 1984)).

*Fire Eagle L.L.C. v. Bischoff (In re Spillman Dev. Grp., Ltd.)*, 710 F.3d 299, 304 (5th Cir. 2013) (emphasis in original).  In enacting section 1334(b), "Congress intended to grant comprehensive jurisdiction to the bankruptcy courts so that they might deal efficiently and expeditiously with all matters connected with the bankruptcy estate."  *Celotex Corp. v. Edwards*, 514 U.S. 300, 308 (1995).

13.     The present proceeding is "related to" a bankruptcy case because, for all the reasons expressed above, the outcome of the proceeding will unquestionably directly affect the Debtor's estate.  28 U.S.C. § 1334(b).

14.     Removal in this District is proper because the State Court Action is pending in this District.  "A party may remove any claim or cause of action in a civil action… to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under 1334[.]" 28 U.S.C. § 1452(a).  According to 28 U.S.C. § 1334(b), "the district courts shall have original but not exclusive jurisdiction of all civil proceedings… related to cases under title 11."

15.     Removal directly to this Court is appropriate pursuant to the Southern District of Texas's General Order, dated May 24, 2012, which provides for the automatic referral of "arising under," "arising in," and "related to" matters to bankruptcy judges.

## COMPLIANCE WITH OTHER REMOVAL PROCEDURES

16.     Pursuant to Bankruptcy Rule 9027(b), the Debtor will file a separate notice of removal in the State Court Action and will serve a copy on all parties to the State Court Action.

17.     Pursuant to Bankruptcy Local Rule 9027-1(a), the names and addresses of the parties, along with their respective counsel, are as follows:

| **Plaintiff:** | **Defendants:** | **Proposed Co-Counsel to the Debtor:** |
|---|---|---|
| Lifeline Pharmacy 1, LLC<br>2500 W. Trenton Rd Suite 12<br>Edinburg, Texas 78539<br>Attn: Mobeen Ahmed | Kevin Concannon, LLC<br>4729 E. Sunrise Dr., PMB 408<br>Tucson, AZ 85718<br>Attn: Kevin Concannon,<br>Managing Member | Patrick J Neligan, Jr.<br>Neligan LLP<br>4851 LBJ Freeway, Suite 700<br>Dallas, Texas 75244 |
| **Counsel to the Plaintiff:**<br>Rick A. Zuniga<br>Atlas, Hall & Rodriguez, LLP<br>P. O. Drawer 3725 (78502)<br>818 West Pecan Boulevard<br>McAllen, Texas 78501 | Kevin Concannon<br>4729 E. Sunrise Dr.<br>PMB 408<br>Tucson, AZ 85718 | - and –<br><br>Robert L. Rattet<br>Davidoff Hutcher & Citron<br>LLP<br>605 Third Avenue<br>New York, New York 10158 |
| | Sarah Concannon<br>4729 E. Sunrise Dr.<br>PMB 408<br>Tucson, AZ 85718 | |
| | Life One LLC<br>(To the best of the Debtor's knowledge, Life One LLC does not exist.  This entity is listed in the caption of the State Court Action but is not listed as a party in the Parties section of the Petition) | **Counsel to Mr. and Ms. Concannon:**<br><br>Edward C. Snyder Attorney at Law PLLC<br>Lincoln Center<br>7800 W I-10 Suite 605<br>San Antonio, Texas 78230<br><br>Christopher Thompson, Esq.<br>33 Davison Lane East<br>West Islip, NY 11795 |

18.     Service of process was accomplished on Kevin Concannon, LLC on July 7, 2023. Service of process was accomplished on Kevin Concannon on July 10, 2023.  Sarah Concannon, who was not included in the State Court Action's caption, was recently served with process.  To the best of the Debtor's knowledge, Life One LLC does not exist.

Respectfully submitted this 2nd day of August, 2023.

**NELIGAN LLP**

By:  */s/ Patrick J. Neligan, Jr.*
       Patrick J. Neligan, Jr.
       Texas Bar No. 14866000
       Douglas J. Buncher
       Texas Bar No. 03342700
4851 LBJ Freeway, Suite 700
Dallas, Texas 75244
Telephone:  (214) 840-5300
Email:      pneligan@neliganlaw.com
            dbuncher@neliganlaw.com

Proposed Local Counsel to the Debtor
and Debtor in Possession

- and –

**DAVIDOFF HUTCHER & CITRON LLP**

      Robert L. Rattet (*pro hac vice* pending)
605 Third Avenue
New York, New York 10158
Telephone:  (914) 381-7400
Email:    rlr@dhclegal.com

*Proposed Co-Counsel to the Debtor*
*and Debtor in Possession*

### Certificate of Service

I hereby certify that on August 2, 2023, a true and correct copy of the foregoing document was served via CM/ECF to all parties authorized to receive electronic notice in this case and on the parties listed below via first class U.S. mail, postage prepaid.

| **Plaintiff:** | **Counsel to the Plaintiff:** | **Counsel to Mr. and Ms. Concannon:** |
|---|---|---|
| Mobeen Ahmed | Rick A. Zuniga | |
| Lifeline Pharmacy 1, LLC | Atlas, Hall & Rodriguez, LLP | Christopher Thompson, Esq. |
| 2500 W. Trenton Rd Suite 12 | P. O. Drawer 3725 (78502) | 33 Davison Lane East |
| Edinburg, Texas 78539 | 818 West Pecan Boulevard | West Islip, NY 11795 |
| | McAllen, Texas 78501 | |

*/s/ Patrick J. Neligan*
Patrick J. Neligan, Jr.